MR. COLVIN MCCRIGHT-B-08892
P.O. BOX 7500, A3-131
CRESCENT CITY CALIF. 95532

PLAINTIFF IN FORMA PAUPERIS/

FILED

FEB - 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JW

COLVIN MCCRIGHT
PLAINTIFF
E-filing CV

VS.

GOVERNOR,
ARNOLD SCHWARZENEGGER, ET AL.
DEFENDANTS.

CV 08 0804

NOTICE OF RELATED
SUPERVENING U.S. SUPREME
COURT DECISION

(PR)

IN 2005 THE UNITED STATES SUPREME COURT RULED IN
THE CASE OF WILKINSON V. DOTSON, 125 S.CT. 1242, THAT A
42 U.S.C. 1983 CLAIM IS NOT BARRED BY HECK V. HUMPHREY,
512 U.S. 477, AND EDWARDS V. BALISOK, 520 U.S. 641, WHEN THE
CIVIL CLAIM CHALLENGES STATE PROCEDURES ALLEGED TO BE
IN VIOLATION OF FEDERAL "EX POST FACTO" AND "DUE PROCESS
LAW; AND SEEKS DAMAGES NOT RELATED TO THE FACT OR
DURATION OF A SENTENCE.
    THE WILKINSON (SUPRA) DECISION EFFECTIVELY OVER RULES
THIS COURTS DISMISSAL ORDER IN, MCCRIGHT V. AYERS, ET AL,
NO. 99-21263-JW, WHERE THE COURT RULED THAT PLAINTIFF'
42 U.S.C. 1983 COMPLAINT WAS BARRED BY HECK V. HUMPHREY
(SUPRA), AND EDWARDS V. BALISOK (SUPRA). THIS COURTS ORDER
"GRANTED" PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS.
SEE EXHIBIT A.
    IN THE PRESENT CASE PLAINTIFF CONTENDS THAT THE
DEFENDANTS CURRENT OR PRESENT PAROLE SUITABILITY
PROCEDURE(S) VIOLATE THE EX POST FACTO LAW, ART. I,
SECTION 9, CLAUSE 3; AND THE BOARDS OWN OPERATIONS MANUAL,
74040.6. THE PRESENT SUITABILITY PROCEDURES WERE IMPLE-
MENTED AFTER JULY 1, 1977, WHERE THE SUITABILITY POLICY
, [SEE EXHIBIT B.

I

GOVERNED BY CAL. PENAL CODE § 3041 IS MORE ONEROUS THAN THE TERM FIXING PROCEDURES IN EFFECT BEFORE. THE GOVERNOR'S OFFICE, BPT, CDC AND ATTY. GENERALS OFFICE CONSPIRED TO HOODWINK THE STATE AND FEDERAL COURTS BY CLAIMING THE PRIMARY PROCEDURES CODIFIED IN CHAIRMANS DIRECTIVE 75/30, EFFECTIVE SEPTEMBER 1, 1976, WERE NOT APPLICABLE TO PRISONER'S SERVING LIFE TERMS UNDER THE INDETERMINATE SENTENCE LAW (ISL). PLAINTIFF SPECIFICALLY CONTENDS THE SUITABILITY PROCEDURES GOVERNED BY PC 3041 ARE MORE ONEROUS THAN THE PROCEDURES CODIFIED IN CD 75/30.

THEREFORE, THE ENDS OF JUSTICE WARRANT THAT THIS COURT RECONSIDER THE PREVIOUS DISMISSAL, AND/OR RE EVALUATE PLAINTIFF' PROCEDURAL CLAIM IN LIGHT OF WILKINSON V. DOTSON (SUPRA); AND THE FACT THAT ON NOVEMBER 21, 2007 THE NINTH CIRCUIT ISSUED AN ORDER STATING THAT PLAINTIFF' "TERM FIXING CLAIM"[2] WAS NOT SUCCESSIVE IN DISTRICT COURT CASE NO. 05-CV-03266-JW.

RESPECTFULLY SUBMITTED

1/28/08

_Colvin McCright_
COLVIN MCCRIGHT

---

[2] ON AUGUST 30, 2006 THIS COURT ISSUED AN ORDER TO SHOW CAUSE WITH RESPECT TO THE TERM FIXING CLAIM IN CASE NO. 05-CV-03266-JW. PURSUANT TO 28 U.S.C. #2254 (d)(2), PLAINTIFF HAS PRESENTED MATERIAL EVIDENCE THAT PROVES THE TERM FIXING ISSUE IS NOT FRIVOLOUS. AND IN ROSAS V. NIELSEN, 428 F.3d 1229 (2005), THE NINTH CIRCUIT RULED THAT IN CERTAIN CASES A CERTIFICATE OF APPEALABILITY IS NOT NECESSARY. THE EXCEPTION IS APPLICABLE TO PLAINTIFF'S CASE.
/
/

-2-

# EXHIBIT A

·4 ··.

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLVIN McCRIGHT,                    )    No. C 99-21263-JW (PR)
          Plaintiff,        )
                                )    ORDER OF DISMISSAL
   vs.    .            )
                                )
ROBERT AYERS, JR., et al.,          )
          Defendants.        )
_____ )

     Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil

rights complaint under 42 U.S.C. § 1983, and a supplement to the complaint.

This initial review is of the complaint as supplemented.  He also requests leave to

proceed in forma pauperis.

## BACKGROUND

     Plaintiff contends that his right of access to the courts was impaired and

that the Board of Prison Terms violated his rights by not setting a definite term.

## DISCUSSION

A.   Standard of Review

     Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must

1   identify any cognizable claims, and dismiss any claims which are frivolous,

2   malicious, fail to state a claim upon which relief may be granted, or seek

3   monetary relief from a defendant who is immune from such relief.  See id. at

4   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v.

5   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

7   essential elements:  (1) that a right secured by the Constitution or laws of the

8   United States was violated, and (2) that the violation was committed by a person

9   acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.  Legal Claims

11      1.  Access to courts

12      Plaintiff had a habeas case in this Court, number C 98-20062-JW (PR).  In

13  it he raised the issue which is the subject of his second claim in this civil rights

14  case.  This Court summarily dismissed the petition in C 98-20062-JW (PR)

15  because he has no constitutional right to have his sentence fixed at a term of years

16  less than life.  The Court denied a certificate of appealability.  The United States

17  Court of Appeals for the Ninth Circuit affirmed the denial of the certificate.

18      Plaintiff contends that he desired to petition the United States Supreme

19  Court for certiorari.  He was prevented from doing so, he says, by unjustified

20  transfers to other institutions for sham medical reasons, limited law library hours,

21  and the removal of his legal papers.

22      To establish a claim for any violation of the right of access to the courts,

23  the prisoner must prove that there was an inadequacy in the prison's legal access

24  program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343,

25  350-55 (1996).  To prove an actual injury, the prisoner must show that the

26  inadequacy in the prison's program hindered his efforts to pursue a non-frivolous

27  claim concerning his conviction or conditions of confinement.  See id. at 354-55.

28                                              2

1  In this case a petition for certiorari to the United States Supreme Court, after this

2  court had summarily dismissed the habeas petition and denied a certificate of

3  appealability, and the denial of the certificate of appealability had been upheld by

4  the Court of Appeals, would have been frivolous.  Plaintiff has therefore failed to

5  state a claim for denial of access to the courts, and any amendment would be

6  futile.  This claim will be dismissed without leave to amend.

7  　　　2.  Term claim

8  　　　Plaintiff also presents the same claim, that the Board of Prison Terms has

9  an obligation to provide a specific length for his indeterminate sentence, which

10  was summarily rejected in his habeas petition discussed above.  This claim has

11  even less merit as a civil rights claim than it did as a habeas claim, because in

12  addition to his not having a constitutional right to a set term, see Dorado v. Kerr,

13  454 F.2d 892, 897-98 (9th Cir. 1972), the claim is also barred by Heck v.

14  Humphrey, 512 U.S. 477, 486-487 (1994).  See Butterfield v. Bail, 120 F.3d 1023,

15  1024 (9th Cir. 1997).  This claim will also be dismissed without leave to amend.[1]

16  **CONCLUSION**

17  　　　Leave to proceed in forma pauperis is GRANTED.  For the reasons set out

18  above, this action is DISMISSED without leave to amend.  Plaintiff's motion for

19  appointment of counsel is DENIED as moot.  The Clerk shall close the file.

20  IT IS SO ORDERED.

21  DATED: *January 19, 2000*

22  　　　　　　　　　　　　　　　　JAMES WARE
　　　　　　　　　　　　　　　　United States District Judge

23  00055241.civ

24  　　　[1]　In claim three of the complaint and in the Supplemental Complaint Plaintiff

25  contends that the policy is not authorized by any California law and is contrary to a decision

26  of the Supreme Court of California.  This state law claim is no basis for section 1983 relief,
　　and to whatever extent it may be an attempt to invoke supplemental jurisdiction, the Court

27  declines to do so in the absence of a viable federal claim.  See 28 U.S.C. § 1367(c).

28  　　　　　　　　　　　　　　　　　3

# EXHIBIT B

0099

    o     One for the representative of the DA's office.

**74040.6**      Parole Board Rules Hearings (In re Stanworth)

The California Supreme Court held that life prisoners who committed their offenses prior to July 1, 1977 are entitled to have parole dates established under the guidelines in effect prior to July 1, 1977.

The court further held that denial of the establishment of parole dates of these prisoners under the earlier guidelines violated the constitutional prohibitions against ex post facto laws.

**74040.6.1**      Eligibility

A life-term inmate is entitled to a parole consideration hearing under Parole Board Rules (PBR) if:

o     The offense was committed on or before June 30, 1977; and,

o     The inmate presently has a parole date that was granted under BPT or CRB Rules, but has not received a parole date under PBR.

**74040.6.2**      Hearing Guidelines

The BPT shall use the parole consideration guidelines in the PBR 2200 through 2360 (CCR (15) (2) Reg 76, No. 21, 5/22/76).

**74040.6.3**      Panel Composition

The hearing shall be conducted by two deputy commissioners.

**74040.6.4**      Inmate Hearing Rights

The inmate shall have the rights specified in PBR C 2110 through 2119 [CCR (15) (2) Reg 76, No. 21, 5/22/76].

**74040.6.5**      Hearing Packets

Two hearing packets detailed in DOM 74040.3.7 shall be prepared for these hearings.

**74040.7**      Progress Hearings

A progress hearing shall be scheduled periodically after a life-term inmate has had a parole date established.

The panel shall determine whether a previously set parole date should be advanced because of the inmate's positive conduct in prison or whether there are changes in circumstances that might lead to an earlier parole date.

**74040.7.1**      Panel Composition for Progress Hearings

Progress hearings shall be conducted by a panel of three, two of whom shall be commissioners.

**74040.7.2**      Hearing Procedures

The inmate is not entitled to an attorney.

A representative from the DA's office of the committing county shall not attend.

No PC 3042 notices are required.

Progress hearings are scheduled as "trailers" to the regular lifer calendar or they may be formally scheduled.



## PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1746)

I, COLVIN MCCRIGHT, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit __A3__ Cell Number __131__, Crescent City, CA 95532-7500.

On the __28__ day of __JANUARY__, I served the following (set forth the exact title of document[s] served):

__NOTICE OF RELATED SUPERVENING U.S. SUPREME COURT__

__DECISION__

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State Prison, Crescent City, CA 95532, and addressed as follows:

CLERK OF THE
UNITED STATES DISTRICT
COURT
FOR THE NORTHERN DISTRICT
OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CALIF. 94102

I declare under penalty of perjury that the foregoing is true and correct:

__Colin McCreght__          __1-28-08__
Inmate Signature            Date

Page Number: __9__