CLERK OF THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIF
450 GOLDEN GATE AVE.
SAN FRANCISCO, CALIF
94102

FILED

FEB 11 2008

RICHARD W. WIE[KING]
CLERK, U.S. DISTRIC[T]
NORTHERN DISTRICT O[F]

DEAR CLERK:

I MAILED A 42 USC 1983 COMPLAINT TO THIS COURT ON 1-29-08. THE APPLICATION TO PROCEED IN FORMA PAUPERIS WAS NOT INCLUDED — SO I AM SENDING IT NOW.

ALSO, THE 9TH CIRCUIT RULED THAT MY HABEAS CORPUS WAS NOT SUCCESSIVE. DO I HAVE TO MAIL THE COURT ANOTHER COPY OF THE WRIT IN CASE NO. C-05-03266-JW?

Case 5:08-cv-00804-JW   Document 5   Filed 02/11/2008   Page 2 of 7

**FILED**

**NOV 21 2007**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| COLVIN MCCRIGHT, | No. 07-73706 |
|---|---|
| Petitioner, | |
| v. | ORDER |
| ROBERT HOREL, Warden, | |
| Respondent. | |



Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

The Clerk shall substitute Robert Horel, Warden, as the proper respondent. *See* Fed. R. App. P. 43(c)(2).

To the extent petitioner is seeking authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court, the application is denied as unnecessary because the underlying habeas petition, district court case no. 05-CV-03266-JW, is not successive.

Petitioner has filed a notice of appeal and request for a certificate of appealability which is pending in appeal no. 07-16869.

**DENIED.**

MOATT

**ORIGINAL FILED**

IN THE UNITED STATES DISTRICT COURT

AUG 3 0 2006

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

SAN JOSE DIVISION

| | |
|---|---|
| COLVIN MCCRIGHT, | NO. C 05-03266 JW  PR |
| Petitioner(s), | **ORDER GRANTING IN FORMA PAUPERIS; ORDER TO SHOW CAUSE** |
| v. | |
| WARDEN MCGRATH, | docket no. 2 |
| Respondent(s). | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also seeks leave to proceed in forma pauperis.

## BACKGROUND

According to the allegations in the petition, a San Francisco Superior Court jury found Petitioner guilty of murder in the first degree. In December of 1972, he was sentenced to seven years to life in state prison.

Petition has been found not suitable for parole each time he has appeared before the California Board of Prison Terms ("BPT"). On June 8, 2005, the Supreme Court of California denied his challenge to the BPT's decision, citing In re Dannenberg, 34 Cal.4th 1061 (2005), In re Rosenkrantz, 29 Cal.4th 616 (2002), and People v. Duvall, 9 Cal.4th 464, 474 (1995). He filed the

Order to Show Cause
P:\PRO-SE\SJ.Jw\HC.05\mccright3266osc.wpd

instant federal habeas corpus petition on August 10, 2005, alleging that the BPT is violating his due process rights.

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Federal courts have a duty to construe pro se petitions for a writ of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

Petitioner alleges that the BPT is violating his due process rights by failing to set a fixed term. Liberally construed, Petitioner appears to raise a cognizable claim. Accordingly, Respondent is directed to SHOW CAUSE why the petition should not be granted.

## CONCLUSION

1. Petitioner's request to proceed in forma pauperis (docket no. 2) is GRANTED.

2. The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner at his most current address.

3. Respondent shall file with this Court and serve upon Petitioner, no later than sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the State trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the

Order to Show Cause
P:\PRO-SE\SJ.Jw\HC.05\mccright3266osc.wpd

Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

    4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

    5.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    6.    Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

    7.    Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

Dated: August 30, 2006

JAMES WARE
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.Jw\HC.05\mccright3266osc.wpd

3

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Colvin McCright
Pelican Bay State Prison
B-08892
5905 Lake Earl Drive
P.O. Box 7000
Crescent City, CA 95531

Dated: 8-30 06

Richard W. Wieking, Clerk

By: _____
Courtroom Deputy

Order to Show Cause
P:\PRO-SE\SJ.Jw\HC.05\mccright3266osc.wpd

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name  MCCRIGHT           COLVIN
      (Last)              (First)         (Initial)

Prisoner Number  B-08892

Institutional Address  P.O.B. 7500, Crescent City, Calif. 95532

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT
(Enter the full name of plaintiff in this action.)

vs.

JOE MCGRATH (Warden), et al.

Case No.  C 05 3266
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

(Enter the full name of respondent(s) or jailor in this action)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -