IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT, <br><br> Plaintiff, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendant(s). | No. C 08-00804 JW (PR) <br><br> ORDER OF DISMISSAL <br><br><br><br><br> (Docket Nos. 2, 8 & 9) |

Plaintiff, a California prisoner at Pelican Bay State Prison ("PBSP") in Crescent City, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging that current state procedures for determining maximum release dates violate ex post facto and due process. Plaintiff seeks damages as well as injunctive and declaratory relief. Plaintiff's motion for leave to proceed in forma pauperis (Docket Nos. 4 & 7) will be addressed in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.08\McCright00804_dismissal.wpd

prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

According to the complaint, plaintiff was convicted in 1972 of first degree murder and sentenced to 7 years to life in state prison under the Indeterminate Sentencing Law ("ISL"). (Compl. 3.) Plaintiff claims that state law required the Board of Parole Terms ("BPT") to create a policy to fix the primary terms of all ISL prisoners. (Id. at 5.) Plaintiff alleges that defendants continued to maintain parole procedures that were more onerous than mandated under state law, and resulted in the BPT repeatedly refusing to "fix his primary term" and denying parole. (Id. at 7.) Plaintiff alleges that defendants' "actions, policies and practices... violate federal ex post facto laws and plaintiff's due process right...."   (Id. at 8.)

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.08\McCright00804_dismissal.wpd        2

damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

"Heck applies to proceedings [that] call into question the fact or duration of parole." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995). A challenge to the denial of parole, whether based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits, directly implicates the validity of the prisoner's continued confinement. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). Similarly, a challenge to the denial of parole by inmates convicted of certain offenses, based upon allegations of deceit and bias in the administration of the state's parole statutes, implies the invalidity of the inmates' confinement "insofar as their prolonged incarcerations are due to the purported bias of state officials." McQuillion, 369 F.3d at 1097-98 (disclaimer in complaint that the inmates "do not seek relief that implicates the continuing validity of their confinement" does not take their claims outside of Heck's bar). Therefore, Heck does not permit a challenge to the procedures used in a denial of parole unless the parole board's decision has been reversed, expunged, set aside or called into question. See id.; Schafer v. Moore, 46 F.3d 43, 44-45 (8th Cir. 1995). Nor may a plaintiff question the validity of the confinement resulting from a parole-revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (Heck bars § 1983 action challenging revocation of supervised release).

Plaintiff's action falls squarely within the realm of cases barred by Heck. Plaintiff essentially claims that the defendants' allegedly unlawful polices and procedures are the cause of his continual denial of parole and prolonged confinement. If true, his claims would directly implicate the validity of the his continued confinement. See Butterfield, 120 F.3d at 1024; McQuillion, 369 F.3d at

United States District Court
For the Northern District of California

1097-98. Furthermore, plaintiff has failed to allege that the parole board's decision has since been reversed, expunged, set aside or called into question. See Littles, 68 F.3d at 123. If, for example, Plaintiff's pending 28 U.S.C. § 2254 habeas action challenging the BPT's decision denying parole in 2003, McCright v. McGrath, No. C 05-03266 JW (PR), results in a reversal of the BPT's decision, only then could plaintiff bring a cognizable claim under § 1983 for damages resulting from defendants' unconstitutional actions. Heck, 512 U.S. at 486-487. Until then, plaintiff's action is barred by Heck. Id. Accordingly, plaintiff's claims are DISMISSED without prejudice.

C.   Pending Motions

    1.   Motion to Relate Cases

Plaintiff filed a motion to relate the instant action (Docket No. 2) to other cases: 1) McCright v. McGrath, No. C 99-21263 JW (PR) (May 30, 2000); and 2) McCright v. McGrath, No. C 05-03266 JW (PR). (Docket No. 2.) The first case was a § 1983 complaint in which plaintiff raised similar if not identical claims to the instant complaint. That case was dismissed under Heck. See McCright v. McGrath, No. C 99-21263 JW (PR). The second case, as mentioned above, is a § 2254 habeas action pending in this Court.

With respect to Case No. C 99-21263 JW (PR), plaintiff asks this Court to reconsider the dismissal of the action, claiming that it was not barred by Heck because of the Supreme Court decision in Wilkinson v. Dotson, [citation omitted] because "the civil claim challenges state procedures alleged to be in violation of federal "ex post facto" and "due process law["]; and seeks damages not related to the fact or duration of a sentence." (Docket No. 2 at 1.) Plaintiff is mistaken. The Supreme Court held in Wilkinson that if success in the § 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings). Id.

at 81. As discussed above, the success of plaintiff's claims would certainly implicate the unconstitutionality of the duration of his confinement. Accordingly, plaintiff's motion for this Court to reconsider the dismissal and relate the instant case to McCright v. McGrath, No. C 99-21263 JW (PR), is DENIED. (Docket No. 2.)

With respect to the motion to relate the instant action to the habeas action under Case No. C 05-03266 JW (PR), plaintiff cannot proceed with the claims in the instant complaint without first prevailing in the habeas action as discussed above. Therefore the motion to relate the case to Case No. C 05-03266 JW (PR) is DENIED. (Docket No. 2.)

2. Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (Docket No. 8) is denied for lack of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

3. Motion for Order to Show Cause and Temporary Restraining Order

Plaintiff filed a motion for an order to show cause and temporary restraining order ("TRO"). (Docket No. 9.) The motion for an order to show cause is DENIED since the action is barred by Heck and is dismissed without prejudice. Furthermore, plaintiff's request for a TRO is DENIED for failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's

attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied both requirements.

## CONCLUSION

For the reasons set out above, this action is DISMISSED without prejudice. The clerk shall close the file.

This order terminates Docket Nos. 2, 8 and 9.

DATED: August 13, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,

        Plaintiff,

  v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.
                                                /

Case Number: CV08-00804 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/13/2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Colvin McCright B-08892
Pelican Bay State Prison
5905 Lake Earl Drive
P. O. Box 7500
Crescent City, Ca 95532

Dated: 8/13/2008

                                              Richard W. Wieking, Clerk
                                         /s/ By: Elizabeth Garcia, Deputy Clerk