MR. COLVIN McCRIGHT-B-08892
P.O. BOX 7500
CRESCENT CITY, CA. 95532

PLAINTIFF IN FORMA PAUPERIS/

FILED
2008 AUG 27 P 5:33
RICHARD W. WIEKI[NG]
CLERK
U.S. DISTRICT COUR[T]
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

COLVIN McCRIGHT,
    PLAINTIFF,
VS.
ARNOLD SCHWARZENEGGER, ET AL
    DEFENDANT(S)

NO. _____
(DIST CT. NO. C-08-00804-JW)
PLAINTIFF NOTICE OF APPEAL
TO THE NINTH CIRCUIT COURT
OF APPEALS

NOTICE IS HEREBY GIVEN THAT PLAINTIFF, COLVIN McCRIGHT, IN THE ABOVE NAMED ACTION APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT FROM THE FINAL JUDGMENT/ORDER ENTERED IN THIS ACTION ON AUGUST 14, 2008. PLAINTIFF RECEIVED THE ORDERS ON AUGUST 19, 2008.

APPEAL ISSUE(S)

1. WHETHER THE DISTRICT COURT MISAPPLIED THE UNITED STATES SUPREME COURT DECISION OF: WILKINSON V. DOTSON, 125 S.CT. 1242, WHEN IT DISMISSED PLAINTIFF 42 U.S.C. § 1983, WHERE PLAINTIFF SPECIFICALLY SEEKS, INTER ALIA, A DECLARATORY JUDGMENT THAT THE PAROLE SUITABILITY PROCEDURES OF THE CALIFORNIA BOARD OF PRISON TERMS (BPT) VIOLATE FEDERAL EX POST FACTO, DUE PROCESS, AND ITS OWN OPERATIONS MANUAL, #74040.6 (SEE EXHIBIT A); AND RELIEF FOR DAMAGES DO NOT CHALLENGE FACT OR DURATION OF HIS CONFINEMENT;?

2. WHETHER 42 U.S.C. § 1983 IS APPROPRIATE REMEDY WHEN REQUESTED RELIEF SEEKS TO ENJOIN THE BPT AND GOVERNOR FROM ENFORCING PAROLE SUITABILITY PROCEDURES THAT

-I-

▓▓▓▓ VIOLATE FEDERAL EX POST FACTO AND DUE PROCESS LAW; AND INJUNCTIVE RELIEF WOULD SIMP[LY] REQUIRE DEFENDANT'S TO ENFORCE TERM HEARING PROCEDURES THAT COMPLY WITH SECTION 74040.6 OF THEIR OWN OPERATIONAL MANUAL AND COMPORT WITH DUE PROCESS AND EX POST FACTO LAW IN THE FUTURE( SEE EXHIBIT A);?

3. WHETHER WILKINSON V. DOTSON, SUPRA, ACTUALLY REQUIRE PLAINTIFF TO INVALIDATE HIS CONVICTION OR SENTENCE VIA HABEAS CORPUS PRIOR TO USING 42 U.S.C. §1983 TO OBTAIN DECLARATORY AND INJUNCTIVE RELIEF THAT IS DEVOID OF ANY SUGGESTION OR CLAIM RELATED TO FACT OR DURATION OF HIS CONVICTION OR SENTENCE? 1/

4. WHETHER HECK V. HUMPHREY, 512 U.S. 477, PROHIBITS A 42 U.S.C. §1983, WHERE CIVIL ACTION, IF SUCCESSFUL, WILL NOT DEMONSTRATE THE INVALIDITY OF ANY OUTSTANDING CRIMINAL JUDGMENT? FOR EXAMPLE, CIVIL ACTION SEEKS TO REQUIRE DEFENDANTS TO CONDUCT PRESENT AND FUTURE TERM HEARINGS UNDER GUIDELINES THAT DO NOT VIOLATE FEDERAL EX POST FACTO AND DUE PROCESS LAW; AND THE BOARD'S OWN OPERATIONAL MANUAL; #74040.6. SEE MICKENS-THOMAS V. VAUGHN (2004), 355 F.3d 294 (RETROACTIVE APPLICATION OF MORE ONEROUS NEWLY ENACTED STATUTE/ GUIDELINES CLEARLY VIOLATE EX POST FACTO LAW);

---

1/ IN THE WILKINSON CASE THE SUPREME COURT SPECIFICALLY STATED: 'INMATES COULD USE §1983 TO OBTAIN A DECLARATION ("AS A PREDICATE TO" THEIR REQUEST FOR DAMAGES AWARD) THAT THE PROCEDURES (SIC) WERE INVALID. CITATION OMITTED. [THEY] (INMATES) (SIC) COULD ALSO SEEK "BY WAY OF ANCILLARY RELIEF[,] AN OTHERWISE PROPER INJUNCTION ENJOINING THE PROSPECTIVE ENFORCEMENT OF, INVALID PRISON REGULATIONS (CITATION OMITTED).'
   PLAINTIFF' CASE IS NOT BARRED BY HECK, WHEN TERM HEARINGS CONDUCTED UNDER CONSTITUTIONALLY PROPER PROCEDURES AND AN INJUNCTION ORDERING THE STATE TO COMPLY WITH CONSTITUTIONAL DUE PROCESS AND EX POST FACTO REQUIREMENTS IN THE FUTURE; WOULD SIMPLY RESULT IN THE STATE COMPLYING WITH IT'S OWN OP #74040.6 OR PROCEDURES IN EFFECT PRIOR TO JULY 1, 1977. SEE EXHBIT A.
   IN THIS CASE - THE "FUTURE" IS NOW.

-2-

5. SINCE THIS CASE IS NOT BARRED BY HECK, PLAINTIFF ALSO APPEALS THE PORTION OF THE AUGUST 14, 2008 ORDER THAT DENIED HIS MOTION FOR AN ORDER TO SHOW CAUSE; AND REQUEST FOR A TEMPORARY RESTRAINING ORDER (TRO) TO ENJOIN DEFENDANT(S) FROM IMPLEMENTING PAROLE SUITABILITY PROCEDURES THEY KNOW OR SHOULD KNOW VIOLATE EX POST FACTO, DUE PROCESS — AND THEIR OWN OPERATIONS MANUAL, #74040.6. SEE EXHIBIT A.

6. ALSO, IF PLAINTIFF IS THE PREVAILING PARTY, REQUIRE THE DISTRICT COURT TO ISSUE ANOTHER ORDER THAT REQUIRES DEFENDANT(S) TO PAY THE $350.00 FILING FEES.*

I, COLVIN McCRIGHT, DECLARE UNDER PENALTY OF PERJURY THAT WHAT I'VE SAID IS TRUE.

DATED: AUGUST 24, 2008

_Colvin McCright_
COLVIN McCRIGHT
PLAINTIFF IN FORMA PAUPERIS

---

* 1 FOR THE REASONS STATED IN MY LETTER TO THE CLERK, I AM REQUESTING THAT I BE PROVIDED A COPY OF THIS APPEAL AND ANOTHER COPY OF THIS COURT'S AUGUST 14, 2008 ORDERS; AND THE COST BE PAID BY DEFENDANTS. [PRISON OFFICIALS WERE RESPONSIBLE FOR THE LOSS OR DESTRUCTION OF MY FIRST APPEAL AND THE COURT'S AUGUST 14, 2008 ORDERS].

11

-3-

# EXHIBIT A

CORRECTIONS                                               Operations Manual

　　　　　　　o   One for the representative of the DA's office.

**74040.6   Parole Board Rules Hearings (In re Stanworth)**

The California Supreme Court held that life prisoners who committed their offenses prior to July 1, 1977 are entitled to have parole dates established under the guidelines in effect prior to July 1, 1977.

The court further held that denial of the establishment of parole dates of these prisoners under the earlier guidelines violated the constitutional prohibitions against ex post facto laws.

**74040.6.1   Eligibility**

A life-term inmate is entitled to a parole consideration hearing under Parole Board Rules (PBR) if:

- The offense was committed on or before June 30, 1977; and,
- The inmate presently has a parole date that was granted under BPT or CRB Rules, but has not received a parole date under PBR.

**74040.6.2   Hearing Guidelines**

The BPT shall use the parole consideration guidelines in the PBR 2200 through 2360 (CCR (15) (2) Reg 76, No. 21, 5/22/76).

**74040.6.3   Panel Composition**

The hearing shall be conducted by two deputy commissioners.

**74040.6.4   Inmate Hearing Rights**

The inmate shall have the rights specified in PBR C 2110 through 2119 [CCR (15) (2) Reg 76, No. 21, 5/22/76].

**74040.6.5   Hearing Packets**

Two hearing packets detailed in DOM 74040.3.7 shall be prepared for these hearings.

**74040.7   Progress Hearings**

A progress hearing shall be scheduled periodically after a life-term inmate has had a parole date established.

The panel shall determine whether a previously set parole date should be advanced because of the inmate's positive conduct in prison or whether there are changes in circumstances that might lead to an earlier parole date.

**74040.7.1   Panel Composition for Progress Hearings**

Progress hearings shall be conducted by a panel of three, two of whom shall be commissioners.

**74040.7.2   Hearing Procedures**

The inmate is not entitled to an attorney.

A representative from the DA's office of the committing county shall not attend.

No PC 3042 notices are required.

Progress hearings are scheduled as "trailers" to the regular lifer calendar or

## PROOF OF SERVICE BY MAIL

(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1746)

I, COLVIN McCRIGHT, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit A7 Cell Number 118, Crescent City, CA 95532-7500.

On the 24 day of AUGUST, 2008, I served the following (set forth the exact title of document[s] served):

(DIST. CT. No. C-08-00804-JW) PLAINTIFF NOTICE OF APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State Prison, Crescent City, CA 95532, and addressed as follows:

OFFICE OF THE CLERK,
U.S. DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA
ROOM 2112
280 SOUTH FIRST ST.
SAN JOSE, CALIF.
95113-3095

I declare under penalty of perjury that the foregoing is true and correct:

Colin McCright
Inmate Signature

AUGUST 24, 2008
Date

NAME: MR. COLVIN MCCRIGHT

CDC NO: B-08892  HOUSING: A7-118

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

PELICAN BAY
G.P. UNIT A-7

OFFICE OF THE CLERK, U.S
NORTHERN DISTRICT
280 SOUTH FIR
ROOM 2112
SAN JOSE, C
9

LEGAL MAIL